UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | No. 1:09-cr-00058-RCL-4 |
| | ) | |
| WILLIAM M. AGUILAR-VARGAS, | ) | |
| Defendant. | ) | ECF |

**GOVERNMENT'S RESPONSE TO COURT'S ORDER, DOCKET ENTRY NO. 173**
**REGARDING PROBATION OFFICE ANALYSIS**

*COMES NOW*, the United States of America to respond to the United States Probation Office's Memorandum on Resentencing Pursuant to 18 U.S.C. § 3582(c)(2) and 28 U.S.C. § 994(u), Docket Entry No. 172, pursuant to the Court's Order of May 24, 2016, D.E. No. 173. The United States will not try to refute the USPO analysis. Instead, the United States maintains the position embodied in its decision not to oppose defendant's pending motion for a sentence reduction from a 108-month prison term to a 92-month prison term. This is in contrast to opposing a motion for a much lower 57-month sentence, which would doubtless result from any judicial decision that chose to adopt a different legal conclusion from that advanced in the USPO analysis. The United States elected not to oppose a 92-month sentence reduction motion while aware of the USPO's likely analysis as now formally supplied in the resentencing memorandum. In further support whereof, the United States respectfully submits as follows:

1.  Before the Court is defendant's unopposed motion under 18 U.S.C. § 3582(c), originally. The motion seeks a reduction in sentence based upon Amendments 782 and 788 to the United States Sentencing Commission Guidelines Manual, the amendments often being colloquially called "All Drugs Minus Two." Although originally filed *pro se*, D.E. No. 169, the motion has been by appointed counsel, the Office of the Federal Defender. See D.E. No. 170. A

˘1˘

great many similar motions are being prosecuted by defendants in this Court. Rare among such motions, however, this defendant's unopposed motion seeks a sentence reduction, not to the shortest term under a putatively applicable guideline range – which here would be 57 months – but to a prison term of 92 months, which would be 16-months shorter than the current 108-month prison term that defendant now is serving. According to the United States Bureau of Prisons Inmate Locater website, defendant's current projected pre-motion release date is February 3, 2017.

2. As this Court well knows, defendant's 108-month sentence resulted from a plea agreement with the government made under Fed.R.Crim.P. 11(c)(1)(C). Originally, the plea agreement called for a 120-month prison term. The original 120-month agreement is part of the record at D.E. No. 95, and is dated July 21, 2010. At the time of sentencing on April 18, 2011, led by Assistant United States Attorney Mr. W.J. O'Malley, Esq., defendant agreed that the prison term should be 108 months instead. The Court imposed this sentence.

3. Defendant pled guilty to a cocaine-trafficking conspiracy crime involving more than five kilograms of cocaine powder, which would otherwise have subjected him to a 120-month mandatory-minimum prison term. According to defendant's Pre-Sentence Investigation (PSI) report, D.E. 137, however, defendant qualified for what is informally called "safety valve" provisions, 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2 Id. at p.13, 20, paragraphs 44, 82-83. The result was that the PSI found that defendant had a total offense level of 27 and a criminal history category of I. The PSI's paragraph 84 also references another criminal case in this Court, United States v. Aguilar-Vargas, No. 1:05-cr-00445-RCL-2, which the government dismissed on April 18, 2011. In any event, the PSI concluded that defendant's sentencing range was 70-to-87 months in prison, based on the 27/I intersection. The PSI also indicated that defendant is a national of a foreign country whose presence in the United States did result from proper immigration-law

admission to the country, although the PSI noted that defendant's plea agreement took into account the departure authority spelled out in United States v. Smith, 307 U.S.App.D.C. 199 27 F.3d 649 (D.C. Cir. 1994). As noted, at sentencing, the Court imposed a newly agreed 108-month term.

4. Earlier in the litigation over defendant's sentence reduction motion, the USPO prepared a Memorandum on Resentencing Pursuant to 18 U.S.C. § 3582(c)(2) and 28 U.S.C. § 994(u), D.E. No. 172. This is done in every case in which a defendant has advanced a claim for a reduced sentence premised upon U.S.S.G. Amendments 782 and 788. Something similar was done for many dozens of cases during two rounds of earlier sentence reduction litigation involving amendments to U.S.S.G § 2D1.1, the guideline usually governing crimes involving illegal drugs or controlled substances. In its resentencing analysis, the USPO concluded that, under the Guidelines Manual's 2015 edition, which reflects U.S.S.G. Amendments 782 and 788, defendant's total offense level would be 25 – that is, two levels fewer than his previous total offense level of 27. With the same Criminal History Category I, the USPO concluded that defendant would face a guideline range of 57 to 71 months in prison. This contrasts with the 108-month current sentence and the reduction to a 92-month sentence, which the government does not oppose.

5. The USPO analysis goes on to state:

> Should the Court concur with the revised calculations, Mr. Aguilar- Vargas does not appear eligible for sentence reduction . . . . Although the base and total offense levels are reduced as a result of the retroactive amendment, the defendant pled guilty pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. . . . In Mr. Aguilar- Vargas' written agreement, the parties agreed that a sentence of 120 months (10 years) imprisonment was the appropriate disposition. The only noted reference to guideline application is Mr. Aguilar-Vargas' accountability for at least 5 grams but less than 15 grams of cocaine. The Transcript of Plea dated Wednesday July 21, 2010, reflects the defendant acknowledged awareness of how the Sentencing Guidelines would be calculated or applied in his case. According to the Transcript dated April 18, 2011, by consent, the parties amended their agreement and reduced the agreed upon sentence to 108 months (9 years) imprisonment. The Court established the defendant's eligibility for application of USSG §5C1.2 (Safety Valve), as well as that the defendant was not a minor participant,

accepted the amended agreement, and imposed the agreed upon sentence at the same proceeding. The term imposed is 37 months (3 years, 1 month) greater than the top and 51 months (4 years, 3 months) greater than the bottom of the current revised guideline range.

D.E. No, 245 at 2.[1]

6. In responding to the USPO analysis, the government must first observe that the USPO deserves full marks for its exceptional diligence, dedication, and professionalism, both as shown in this case, and in more than 150 other cases that have arisen or will arise in this Court.[2]

7. Second, the facts of this case make it *sui generis*. Consequently, the government will not try to contradict the USPO's analysis of the applicable guideline and the precedent set forth in United States v. Epps, 404 U.S.App.D.C. 39, 707 F.3d 337 (D.C. Cir. 2013). In much greater detail, this Court took similar view in United States v. Santana-Villanueva, No. 1:08-cr-00374-RCL-4, – F.Supp.3d --, (D.D.C. Nov. 17, 2015), available at 2015 WL 7274025. Indeed, if anything, the USPO's straightforward analysis makes logical sense. The upshot of it is that defendant is ineligible for a sentence reduction because his current 108-month sentence was based upon the terms of his Rule 11(c)(1)(C) plea agreement, rather than a sentencing guideline range that has been retroactively lowered by a subsequent guidelines amendment. Therefore, defendant's claim for a reduced sentence would run into the proscription in U.S.S.G. § 1B1.10 that "a reduction in the defendant's term of imprisonment is . . . not authorized" if Amendments 782

---

[1] A footnote to the USPO memorandum stated: "During the proceedings, the government advocated for an adjustment of the ten-year agreed sentence to a nine-year sentence pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. Defense counsel agreed and the Court accepted the adjusted sentence as reasonable considering the applicable guideline range." There is a reference in the memorandum to relevant conduct involving an amount between five and fifteen grams of cocaine. Almost certainly this was meant to be between five and fifteen kilograms.

[2] In addition to Ms. Gennine Hagar, USPO chief, and her former deputy, Ms. Shari McCoy, recently retired from federal service, especially well earned praise for their efforts belongs to Ms. Deborah Stevens-Panzer and Ms. Kathie McGill, who are doing the nuts-and-bolts labors. Before leaving for another position in a different jurisdiction, Ms. Megan Noe Chester also did outstanding work on these sorts of analyses. Undersigned counsel apologizes if others worthy of recognition have been omitted, but these five individuals singularly warrant kudos.

and 788 are not "applicable to the defendant[.]" Logically, when a sentence is based upon the specific terms of a Rule 11(c)(1)(C) plea agreement, which stipulate a particular sentence independent of the sentencing guidelines, as opposed to a being based upon a sentencing guideline range, no amendment to any guideline range can be applicable to that defendant. In essence, United States v. Santana-Villanueva, supra, makes this very point.[3]

8.      Nevertheless, this analysis – and the USPO's prudent, diplomatic, and circumspect language – "does not appear eligible" -- mirrors the considerable complexity of the issues confronting any Court in this jurisdiction deciding a claim for a 3582(c) sentence reduction motion when the claiming defendant's sentence reflects a plea agreement made under Rule 11(c)(1)(C). Albeit taking a different view entirely, this Court has remarked on this very point in United States v. Santana-Villanueva, supra, at footnote 1. The same complexity confronted the United States Supreme Court in Freeman v. United States, -- U.S. -- , 131 S.Ct. 2685 (2011), and it produced three different opinion, none of which commanded a full majority. As a result, in this Circuit, United States v. Epps, 404 U.S.App.D.C. 39, 707 F.3d 337 (D.C. Cir. 2013), governs whether defendants who enter into 11(c)(1)(C) plea agreements are eligible for sentence reductions under 18 U.S.C. § 3582(c)(2). See also *In re* Sealed Case, 406 U.S.App.D.C. 100, 722 F.3d 361, (D.C. Cir. 2013). In particular, Epps concluded that the eligibility of a Rule 11(c)(1)(C) defendant for a 3582(c) sentence reduction should be determined based upon Freeman's "plurality opinion." The Epps view is an alternative to the analysis indicated in a concurring opinion by Justice Sotomayor.

---

[3] Even when defendant is deemed eligible for a U.S.S.G. Amendments 782/788 sentence reduction, the Court possesses the discretion to deny one, based upon the sentencing factors set forth in 18 U.S.C. § 3553. See United States v. Butler, 130 F.Supp.3d 317 (D.D.C. Sept. 16, 2015).  Butler, of course, does not deal with Rule 11(c)(1)(C) plea agreements, but does clearly state that when a defendant is eligible for a sentence reduction, the Court has the discretion to decline to grant a sentence reduction motion nevertheless.

Justice Sotomayor's opinion asserted that a Rule 11(c)(1)(C) agreement is "based on" the Guidelines only if the agreement either (1) explicitly "call[s] for the defendant to be sentenced within a particular Guidelines range" or (2) "make[s] clear that the basis for the specified term is a Guidelines sentencing range applicable to the offense to which the defendant pleaded guilty" and "that sentencing range is evident from the agreement itself." Aside from this Circuit's Epps ruling, the other circuits have followed Justice Sotomayor's concurrence. See United States v. Rivera-Martinez, 665 F.3d 344, 348 (1st Cir. 2011); United States v. White, 429 Fed. App'x 43, 47 (2d Cir. 2011) (unpublished); United States v. Thompson, 682 F.3d 285, 289 (3d Cir. 2010); United States v. Brown, 653 F.3d 337, 338 (4th Cir. 2011); United States v. Smith, 658 F.3d 608, 611 (6th Cir. 2011); United States v. Dixon, 387 F.3d 356, 359 (7th Cir. 2012); United States v. Browne, 698 F.3d 1042, 1045 (8th Cir. 2012); United States v. Austin, 676 F.3d 924, 927 (9th Cir. 2012); United States v. Graham, 704 F.3d 1275, 1278 (10th Cir. 2013); United States v. Lawson, 686 F.3d 1317, 1321 n.2 (11th Cir. 2012).

9. Consequently, judicial precedent from outside this Circuit has only limited application to cases of defendant's sort, and the precedent from this Circuit is scarce, although an increasing number of District Judges are having to confront the issue. The main Rule 11(c)(1)(C) based decisions are: (1) this Court's opinion in United States v. Santana-Villanueva, supra; (2) Judge Friedman's recent denial of a sentence reduction motion in United States v. Gross, No. 1:10-cr-00036-PLF-1, Op. and Order (D.D.C. Feb. 2, 2016), available at 2016 WL 410985 (Gross denied a sentence reduction premised upon an earlier drug-related guideline amendment, No. 750, not 782); (3) Judge Collyer's denial of a sentence reduction motion in United States v. Moon, No. 1:10-cr-00051-RMC, Order (D.D.C. Jan. 28, 2016); (D.E. No. 542); and (4) Judge Kollar-Kotelly's opinion in United States v. Galaviz, No. 1:12-cr-00125-CKK-19, -- F.Supp.3d –

(D.D.C. Sept. 15, 2015), available at 2015 WL 5442371; (5) Judge Huvelle's denial in United States v. Barajas, No. 1:11-cr-00148-ESH, -- F.Supp.3d – (D.D.C. April 5, 2016), available at 2016 WL 1328095; (6) Judge Walton's opinion in United States v. Lamont, No. 1:04-cr-0536-RBW-1 (March 22, 2016). The split views in these opinions defies any attempt to frame a simple rule that encapsulates their conclusions about Rule 11(c)(1)(C)'s interplay with § 3582(c). Judges Kollar-Kotelly and Walton concluded that their defendants' Rule 11(c)(1)(C) plea agreements did not preclude eligibility for a § 3582(c) motion, whereas this Court, Judge Collyer, and Judge Huvelle all concluded that the relevant plea agreements did make not the individual defendant eligible for a sentence reduction, but Judge Collyer made clear – as in another way so did Judge Walton – that she intended to exercise her discretion to deny a sentence reduction. Thus, in some respects Judge Collyer's intricate legal analysis was not dispositive of the issue. Judge Friedman's conclusion about non-eligibility also relied upon the agreement's resolution of other criminal charges not pending in this Court, which were violations of the District of Columbia code. This opinion, too, offers limited guidance on the precise issue before this Court.

10. Based upon these points, the United States elected not to oppose a sentence reduction from 108 to 92 months for a foreign national set for release in February 2017. This exercise took into account the invariable cogency of the analysis that the USPO has supplied. Consequently, the government most certainly will not attempt to refute the analysis, other than to note that many judges in many courts have come to many opinions on this issue. Were a judge or judges to review defendant Aguilar-Vargas' claim for a sentence reduction and conclude that it was not precluded by the Rule 11(c)(1)(C) plea agreement, apparently, defendant could be eligible for a sentence reduction to a 57-month prison term. The United States respectfully suggests that scarce judicial resources are best conserved by the government not opposing a motion for a

reduction in sentence to 92 months.

*WHEREFORE*, the United States respectfully prays this Honorable Court to accept this response as complying in full with the Court's order.

Respectfully submitted,

 /s/ *Channing D. Phillips*	 	 	 	
CHANNING D. PHILLIPS, D.C. Bar No. 415793
United States Attorney for the District of Columbia

/s/ *Leslie Ann Gerardo*	 	 	 	
LESLIE ANN GERARDO, D.C. Bar No. 419823
Chief, Special Proceedings Division
(202) 252-6603
Leslie.Gerardo@USDoJ.Gov

 /s/ *Barry Wiegand*	 	 	 	
BARRY WIEGAND, D.C. Bar No. 424288
Assistant United States Attorney
Special Proceedings Division,
555 Fourth Street, N.W.,
Washington, D.C. 20530
(202) 252-7723
William.B.Wiegand@USDoJ.Gov

## **CERTIFICATE OF SERVICE**

I certify that I caused service of the foregoing to be made through the Court's ECF system on or before Tuesday, June 7, 2016. Inmate Aguilar-Vargas' postal address is Inmate William M. Aguilar-Vargas, Reg. No. 28444-016, FCI Allenwood Medium, Federal Correctional Institution, Post Office Box 2000, White Deer, Pennsylvania 17887, as of Sunday, June 5, 2016..

 /s/ *Barry Wiegand*	 	 	
BARRY WIEGAND
