

**FILED**

**JUL 2 0 2016**

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **UNITED STATES OF AMERICA** ) <br> ) <br> v. ) <br> ) **Criminal No. 09-0058-4 (RCL)** <br> **WILLIAM M. AGUILAR-VARGAS,** ) <br> ) <br> **Defendant.** ) <br> ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is defendant William Aguilar-Vargas's motion [169, 170] for a sentence reduction under 18 U.S.C. § 3582(c)(2). The motion is based on Amendments 782 and 788 to the United States Sentencing Guidelines and must be analyzed under the "two-step inquiry" set forth in *Dillon v. United States*, 560 U.S. 817 (2010). Under *Dillon*'s test, the Court must first determine if Aguilar-Vargas is eligible for a sentence reduction under § 3582(c)(2) and then determine whether or a not such a reduction is warranted according to the factors enumerated in 18 U.S.C. § 3553(a). After considering Aguilar-Vargas's motion [169] for a sentence reduction, the federal public defender's unopposed motion [170] for a sentence reduction, the entire record in this case, and the applicable law, the Court will **DENY** Aguilar-Vargas's motions. In short, Aguilar-Vargas is ineligible for a sentence reduction under 18 U.S.C. § 3582(c)(2) because his sentence was not "based on" a subsequently-lowered range.

### I. BACKGROUND

On March 3, 2009, a federal grand jury returned a one-count indictment against Aguilar-Vargas and his seven co-defendants for Conspiracy to Distribute and Possess With Intent to

Distribute 50 Grams or More of Cocaine Base and Five Kilograms or More of Cocaine, in violation of 21 U.S.C. § 846, 841(a)(1), 841(b)(1)(A)(ii) and (iii). *See* Presentence Investigation Report (PSR) ¶ 1. On July 21, 2010, Aguilar-Vargas pled guilty to this charge and entered into a plea agreement with the government under Federal Rule of Criminal Procedure 11(c)(1)(C) ("Rule 11(c)(1)(C)"). *See* Plea Agreement, ECF No. 95. If a Rule 11(c)(1)(C) plea agreement includes a "specific sentence or sentencing range" that the parties determined was appropriate, then once a court accepts the defendant's plea agreement, it is bound to impose the agreed-upon sentence. *See* Fed. R. Crim. P. 11(c)(1)(C); *see also United States v. Duvall*, 705 F.3d 479, 481 (D.C. Cir. 2013) ("If the district court accepts a Rule 11(c)(1)(C) plea agreement, the court must impose the sentence listed in the plea agreement.").

And indeed, pursuant to Rule 11(c)(1)(C), Aguilar-Vargas and the government agreed that his "appropriate sentence . . . [was] 120 months imprisonment without possibility of parole." Plea Agreement ¶ 5.[1] In his plea, Aguilar-Vargas also agreed that he intended to distribute more than "five kilograms but less than 15 kilograms of a mixture and substance containing a detectable amount of cocaine . . . ." *Id.* at ¶ 1. Lastly, the government agreed that in exchange for Aguilar-Vargas's guilty plea, it would dismiss charges against Aguilar-Vargas contained in a separate indictment for conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine, dated December 15, 2005 and labeled Criminal No. 05-445 (RCL). On July 21, 2010, the undersigned district court judge accepted Aguilar-Vargas's guilty plea, and on April 19, 2011, the undersigned sentenced him to 108 months imprisonment, as called for in Aguilar-Vargas' modified Rule 11(c)(1)(C) plea agreement.

---

[1] Upon motion of the government at the defendant's sentencing hearing, Aguilar-Vargas's Rule 11(c)(1)(C) plea agreement was modified to call for a nine-year sentence, as opposed to a ten-year sentence. Sentencing Hearing 2, ECF No. 170-2.

2

Before imposing the 108-month sentence, the district court judge calculated Aguilar-Vargas's total offense level to be 27 and his criminal history category to be I, a combination, which at the time yielded a guideline range of 70 to 87 months. Further, the Court determined that Aguilar-Vargas's conduct subjected him to a statutory mandatory minimum sentence of 120 months. *See* Statement of Reasons 1, ECF No. 144. Although Aguilar-Vargas's conduct triggered a mandatory minimum 120-month sentence, the sentencing judge found that he satisfied the requirements of 18 U.S.C. § 3553(f)'s Safety Valve provision. *Id.* (showing that Aguilar-Vargas received a sentence below his mandatory minimum[2]). As such, the district court was free to sentence Aguilar-Vargas "without regard to the statutory minimum," 18 U.S.C. § 3553(f), and ultimately imposed its sentence of 108 months—one year less than the 120-month statutory minimum.

Although generally speaking a court may not modify a term of imprisonment once it has been imposed, § 3582(c)(2) provides an exception. *See Dillon v. United States*, 560 U.S. 817, 824 (2010) ("Section 3582(c)(2) establishes an exception to the general rule of finality."). Under this statutory provision, a court may be authorized to modify a prison term where the original sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). On April 30, 2014, the U.S. Sentencing Commission submitted to Congress Amendment 782 of the U.S. Sentencing Guidelines, proposing a downward revision to sentencing ranges for drug trafficking offenses. The Commission then passed Amendment 788 to allow Amendment 782's revisions to be applied retroactively, which in this case, means that Aguilar-Vargas's calculated 70-87 month guideline range would have been 57-

---

[2] The Statement of Reasons indicates that Aguilar-Vargas received a lower sentence due to substantial assistance under 18 U.S.C. § 3553(e). This, however, was a clerical error. The Court was permitted to sentence Aguilar-Vargas beneath his mandatory minimum because of the statutory safety valve under 18 U.S.C. § 3553(e). *See* Sentencing Transcript 2, ECF No 170-2; Unopposed Mot. to Reduce Sentence 2 n.2 (explaining that Aguilar-Vargas was determined to be "safety valve" eligible).

3

71 months had the newly amended ranges been in effect at the time of Aguilar-Vargas's original sentencing. *See* Probation Mem. 1, ECF No. 172.

On November 1, 2014, Amendment 782 and its retroactive application became effective, and Aguilar-Vargas now argues that these amendments authorize the Court to reduce his sentence to the bottom of his newly revised guideline range—that is, 57 months. *See* Mot. to Reduce Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 of the U.S. Sentencing Guidelines 1, ECF No. 169 ("[T]he Court may reduce the term of imprisonment . . . if such a reduction is consistent with the applicable policy statement issued by the Sentencing Commission."). Further, Aguilar-Vargas's counsel requests—and the government does not oppose—that this court reduce his 108-month sentence to 94 months pursuant to 18 U.S.C. § 3582(c)(2). *See* Unopposed Mot. to Reduce Sentence 1, ECF No. 170. For the reasons stated below, the Court will deny these motions, finding that it lacks the authority to reduce Aguilar-Vargas's sentence because the original sentence was not "based on" a sentencing range that has been subsequently lowered by the Sentencing Commission.

## II. DISCUSSION

In order for the Court to have the authority to reduce a defendant's sentence pursuant to § 3582(c)(2), the defendant must satisfy two basic eligibility requirements: his sentence must have been "'based on' a subsequently-lowered guideline range, [and] . . . the sentence reduction [must be] consistent with U.S.S.G. § 1B1.10, the policy statement governing § 3582(c)(2) proceedings." *In re Sealed Case*, 722 F.3d 361, 366 (D.C. Cir. 2013) (quoting *Dillon v. United States*, 560 U.S. 817, 827 (2010)).

When considering these requirements, it is often difficult to assess whether or not a sentence was "based on" a specific sentencing range when a defendant and the government entered

4

into a Rule 11(c)(1)(C) plea agreement and the Court imposed the sentence contained in that agreement. In the context of Rule 11(c)(1)(C) agreements, the D.C. Circuit has ruled that "a defendant's sentence is 'based on' a subsequently-lowered guideline range 'to whatever extent' that range was a relevant part of the analytic framework the judge used to determine the sentence." *In re Sealed Case*, 722 F.3d 361, 366 (D.C. Cir. 2013) (citing *Freeman v. United States*, 131 S. Ct. 2685, 2692 (2011)). The Circuit originally set this standard when it issued *United States v. Epps*, 707 F.3d 337 (D.C. Cir. 2013). In *Epps*, the Circuit adopted the Supreme Court's plurality opinion in *Freeman v. United States*, 564 U.S. 522 (2013), a 4-4-1 split decision that ruled a defendant who had entered into a Rule 11(c)(1)(C) plea agreement was not automatically ineligible for a sentence reduction under § 3582(c)(2). *Freeman*, 564 U.S. at 534. The plurality opinion, which is binding on this Court—took a "broad view" of § 3582(c)(2), *see In re Sealed Case*, 722 F.3d at 365, and stated that "the judge's decision to accept the [Rule 11(c)(1)(C)] plea and impose the recommended sentence is likely to be 'based on' the Guidelines." *Freeman*, 564 U.S. at 534. In other words, the plurality opinion declared that most defendants who had entered into Rule 11(c)(1)(C) plea agreements would be eligible for a sentence reduction under § 3582(c)(2) if the Sentencing Commission was subsequently and retroactively lowered his applicable guideline range.

The D.C. Circuit reaffirmed this relatively expansive reading § 3582(c)(2) in *In re Sealed Case*, 722 F.3d 361 (D.C. Cir. 2013). In that case, the Circuit ruled that a defendant's 135-month sentence was "based on" his 151-181-month guideline range because that range played at least some role in the judge's sentencing decision. The Circuit came to this decision even though the defendant's 151-181-month sentencing guideline range would have been supplanted by a 20-year mandatory minimum had the government not filed a motion under 18 U.S.C. § 3553(e) for

5

substantial assistance. *In re Sealed Case*, 722 F.3d at 363. Regardless of the looming 20-year mandatory minimum and the fact that the defendant was sentenced below his applicable guideline range, the Circuit found that the 151-181-month range formed "the very basis" of the defendant's 135-month sentence, *id.* at 367, and determined he was eligible for his requested sentence reduction.

When conducting the "based on" analysis set out in *Epps* and *In re Sealed Case*, the D.C. Circuit has directed that the "focus . . . ought to be on the reasons given by the district court for accepting the sentence that it ultimately imposed, not on the parties' agreement." *Epps*, 707 F.3d at 353 (citation omitted). Consistent with this directive and as recently articulated in *United States v. Barajas*, "[s]ince *Epps*, courts in this Circuit have found three sources of evidence for determining the connection between a Rule 11(c)(1)(C) sentence and the Guideline range: sentencing hearings, plea hearings, and the text of the plea agreement.[3]" Crim. No. 11-148 (ESH), 2016 WL 1328095 at *2 (D.D.C. Apr. 5, 2016) (citing *United States v. Gross*, Crim. No. 10-0036 (PLF), 2016 WL 410985 (D.D.C. Feb. 2, 2016); *United States v. Santana-Villanueva*, 144 F. Supp. 3d 149 (D.D.C. 2015); *United States v. Galaviz*, 130 F. Supp. 3d 197 (D.D.C. 2015)).[4]

In looking to these sources of evidence, it is clear that Aguilar-Vargas's sentence was not "based on" a subsequently-lowered sentencing range. First and most importantly, the undersigned

---

[3] Although under *Epps*, the agreement itself cannot be the focus of the legal inquiry, it is still relevant, as it may shed light on the reasons the court accepted the plea agreement and imposed the sentence contained therein.

[4] Another court in this Circuit recently rejected *Barajas*'s approach. *See United States v. Lamont* 6-7, Crim. No. 04-536-1, ECF No. 577 (D.D.C. Mar. 21, 2016). Essentially, that Court reasoned that a defendant need not point to specific language in a sentencing or plea hearing because *In re Sealed Case* specifically states, "a sentence that emerges from a Rule 11(c)(1)(C) plea agreement is always eligible for a subsequent reduction because '[t]he sentencing Guidelines require the district [court] to give due consideration to the relevant sentencing range, even if the defendant and prosecutor recommend a specific sentence as a condition of the guilty plea.'" *In re Sealed Case*, 722 F.3d at 365 (quoting *Freeman*, 564 U.S. at 530).

This Court rejects the reasoning in *Lamont* and finds that the above-quoted language is ambiguous, as it seemingly contradicts other excerpts of *In re Sealed Case* that specifically state: "Although the Guidelines

6

sentencing judge's statements at Aguilar-Vargas's July 21, 2010 plea hearing show that the defendant's 70-87 month range had absolutely nothing to do with the 108-month sentence that the judge ultimately imposed. Before Aguilar-Vargas formally pled guilty and entered into his 11(c)(1)(C) plea agreement, the undersigned stated:

> [I]f I accept your plea, then I'm going to be bound by the 10 years you're agreeing to under Rule 11(c)(1)(C). So you and the government have agreed to a plea. I'll accept your plea conditionally if I find you're doing it voluntarily today, and I will be bound then to impose that sentence, whatever the guidelines may turn out to be. I just want to be sure you understand how the guidelines would be calculated because that might affect how you would look at whether you want to go to trial. The guidelines could be a lot more than 120 months if you went trial and were convicted. . . . The guidelines will get calculated, but I won't decide anything about them until I make the final decision to accept your plea and give you the 120 months.

Plea Hearing Transcript 8-9, ECF No. 170-3.

In the Court's view, this statement reveals that Aguilar-Vargas's 70-87-month range did not play into the judge's decision to impose the 108-month sentence *to any extent*. Aguilar-Vargas's sentence was not "based on" any subsequently-lowered sentencing range; rather it was based on the independent agreement between the government and the defendant, which the Court imposed entirely because it was bound to do so. Moreover, the parties appear to have agreed upon the 108-month sentence by simply subtracting one year from the original 120-month sentence to reflect and standardize changes made to Aguilar-Vargas's co-defendant's sentence. *See* Sentencing

---

require a sentencing court to calculate, as a matter of course, a guideline range before determining whether a mandatory minimum applies, we concluded in *Cook* [*v. United States*, 594 F.3d 883, 887 (D.C. Cir. 2010)] that this routine and required calculation did not mean that the defendant was sentenced "based on" on his guideline range." 722 F.3d at 366.

Moreover, prior case law in this Circuit shows that the simple and routine guidelines calculation does not automatically make a defendant eligible for a sentence reduction. *See, e.g., United States v. Cook*, 594 F.3d 883, 886-887 (D.C. Cir. 2010); *United States v. Barajas*, 2016 WL 1328095 at *1, *4, Crim. No. 11-148 (ESH) (D.D.C. Apr. 5, 2016); *United States v. Gross*, Crim. No. 10-0036, ECF No. 52, at 5 (D.D.C. Feb. 2, 2016) (Friedman, J.).

7

Transcript 2, ECF No. 170-2 ("I had offered Mr. Aguilar's father-in-law a 10-year plea, and I had always reduced Mr. Aguilar's plea by one year from his fathers, and so as a consequence, if the Court will accept that the government would move to amend the presentence report to change the 10-year C plea to a 9-year C plea."). Plainly, this portion of the sentencing transcript suggests the government and Aguilar-Vargas did not consider the 70-87 month guideline range in any way whatsoever when they settled on 108 months as an appropriate sentence.

To counter this analysis, Aguilar-Vargas's attorney suggests that the defendant's admission he was "accountable for 'at least 5 but less than 15 kilograms'" of cocaine, *see* Unopposed Mot. to Reduce Sentence ¶ 2 (citing Plea Agreement ¶ 2), should make him eligible for a sentence reduction. This quantity and type of drug corresponded to an applicable guideline range of 70-87 months, which the Court calculated before imposing its 108 month sentence and which the Sentencing Commission subsequently and retroactively lowered pursuant to Amendments 782 and 788. *See* Statement of Reasons 1. The defendant's argument seems to go that because the sentencing court calculated this range, Aguilar-Vargas's sentence must have been "based on" it, and because Amendment 782 subsequently lowered that range, Aguilar-Vargas should be eligible for a sentence reduction. But this argument overlooks that sentencing judges are required to perform these calculations before imposing a sentence. *See United States v. Duvall*, 705 F.3d 479, 483 (D.C. Cir. 2013) ("Before a Rule 11(c)(1)(C) plea agreement is approved, moreover, the judge must calculate the applicable Guidelines sentencing range and consider the Guidelines." (citing 18 U.S.C. § 3553(a)(4); U.S.S.G. § 6B1.2(c))). Therefore if such a calculation universally qualified a defendant for a sentence reduction, then any defendant seeking a reduction would become automatically eligible—something prior case law tells us is not true. *See, e.g., United States v. Cook*, 594 F.3d 883, 886-887 (D.C. Cir. 2010) (finding that although the "court had initially

calculated a guideline range that the Amendment to the Sentencing Guidelines altered," that guideline range was "trumped by a statutory minimum"); *United States v. Barajas*, 2016 WL 1328095 at *1, *4, Crim. No. 11-148 (ESH) (D.D.C. Apr. 5, 2016) (finding that although "the Court held a sentencing hearing at which it calculated the Guidelines range that would apply to defendant, as it is required to do," the sentence contained in his Rule 11(c)(1)(C) agreement was not "based on" that range); *United States v. Gross*, Crim. No. 10-0036, ECF No. 52, at 5 (D.D.C. Feb. 2, 2016) (Friedman, J.) (ruling that although the "Court was required to explain the applicable Guidelines sentencing range" that range was "irrelevant" to the sentence contained in defendant's Rule 11(c)(1)(C) plea agreement). As such, the Court finds that its "routine" calculation of Aguilar-Vargas's guideline range, *In re Sealed Case*, 722 F.3d at 366, is alone insufficient to show that his sentence was based on a specific subsequently-lowered sentencing range.

To be clear, the Court does not find that the initial applicability of Aguilar-Vargas's mandatory minimum sentence forecloses the possibility that he is eligible for a reduced sentence under § 3582(c)(2). By ruling in *In re Sealed Case* that a defendant who benefited from a § 3553(e) motion for substantial assistance was eligible for a sentence reduction, the D.C. Circuit made clear that a defendant who likewise benefited from § 3553(f)'s Safety Valve provision could also be eligible for a reduced sentence. Instead, the Court looks to the sentencing and plea transcripts to find that Aguilar-Vargas's original plea was not "based on" a subsequently-lowered sentencing range. The sentencing judge's language that "I will be bound then to impose that sentence, whatever the guidelines may turn out to be" is direct, and the defendant has offered nothing to contradict it.

In sum, Aguilar-Vargas's plea and sentencing transcripts show that his 108-month sentence was not based on a subsequently-lowered guideline range. First, after his original plea agreement

9

called for the mandatory minimum 120 month sentence, Aguilar-Vargas was found eligible for § 3553(f)'s Safety Valve provision, and he and the government agreed to decrease his sentence by one year—to 108 months. Importantly, nothing in the record suggests the one-year decrease took into account Aguilar-Vargas's applicable guideline range; rather, it was designed to reflect sentencing and standardize changes made to Aguilar-Vargas's co-defendant's plea agreement. *See* Sentencing Transcript 2, ECF No. 170-2 ("I had offered Mr. Aguilar's father-in-law a 10-year plea, and I had always reduced Mr. Aguilar's plea by one year from his fathers, and so as a consequence, if the Court will accept that the government would move to amend the presentence report to change the 10-year C plea to a 9-year C plea."). More importantly, the Court made perfectly clear that if Aguilar-Vargas voluntarily entered into his plea agreement, it was bound to impose the sentence the agreement contained, regardless of what the guideline range was eventually calculated to be. As such, because the "focus . . . ought to be on the reasons given by the district court for accepting the sentence that it ultimately imposed," *Epps*, 707 F.3d at 353 (citation omitted), the Court finds that Aguilar-Vargas's sentence was not "based on" a subsequently-lowered range and he is therefore ineligible for the sentence reduction that he seeks.

### III. <u>CONCLUSION</u>

Because Aguilar-Vargas's sentence was not "based on" a subsequently-lowered, he is ineligible for a sentence reduction After considering Aguilar-Vargas's motion, the unopposed motion of his counsel, the entire record herein, and the applicable law, the Court will **DENY** each of his motions for a sentence reduction.

**IT IS SO ORDERED** on this 20th day of July, 2016.

*Royce C. Lamberth*
Royce C. Lamberth
United States District Judge